[L. A. No. 8453. In Bank.—October 1, 1926.]

H. E. FOUCH et al., Respondents, v. D. JOHNSTON et al., Appellants.

[1] Quieting Title—Title—Inconsistency Between Findings and Judgment—Appeal.—In an action to quiet title to real property, where the trial court found that appellant had no interest of any character in the premises, he is not in a position on appeal to show that he was prejudiced by an inconsistency between the findings and judgment, in that the former showed that the property prior to the date of the trial had been deeded by plaintiffs to a title company, whereas the judgment determined that one of the plaintiffs was the sole owner of the property in fee absolute.

---

(1) 4 C. J., p. 691, n. 85.

APPEAL from a judgment of the Superior Court of Riverside County. G. R. Freeman, Judge. Affirmed.

The facts are stated in the opinion of the court.

Grant Holcomb for Appellants.

E. W. Bartlett for Respondents.

NOURSE, J., *pro tem.*—This is an action to quiet title to a section of land situated in Riverside County. The defendant D. Johnston appeared and filed a cross-complaint setting up a claim that he was the equitable owner of one-half of the property because H. E. Fouch had acquired the property through funds furnished by said defendant under an agreement that he and said defendant should own an equal undivided one-half thereof. Judgment went for plaintiff and against the defendant, from which the latter has appealed upon a typewritten record.

On August 31, 1910, H. E. Fouch and Ella Fouch, his wife, became the owners of the land in dispute. On October 22, 1915, the. defendant D. Johnston, without having any title or interest in said property, executed a deed purporting to convey the same to Raymond Johnston. On April 11, 1917, H. E. Fouch and Ella Fouch commenced this action to quiet title to the premises, joining as parties defendants D. Johnston and his wife, Julia, and Raymond Johnston, the grantee under the deed of October 22, 1915. On the day the suit was filed Raymond Johnston and his wife executed a deed conveying all their interest in the property to Ella Fouch. On December 16, 1920, defendant D. Johnston and his wife gave a deed to the Johnston Realty Corporation covering an undivided one-half interest in. said property and during the trial of this case this corporation and Raymond Johnston filed their disclaimers of any interest in the property and the trial court found that these various deeds executed by the defendant Johnston were wrongfully executed .for the purpose of placing a cloud upon the title. The trial court also found that no trust agreement ever existed between defendant D. Johnston and the Fouches covering the property in dispute; that D. Johnston never had any interest or right in the property; that at the time of the

commencement of the action and long prior thereto plaintiffs were owners in fee and in the exclusive possession of the property, but that on April 22, 1920, and prior to the date of the trial, H. E. Fouch and his wife deeded the property to the Riverside Title Company, a corporation. The judgment declared that Ella Fouch was at the time of the commencement of the action sole owner in fee absolute of all the property described and in the actual and peaceable possession and occupancy thereof, but that the Riverside Title Company was, at the time of the entry of the judgment, the legal holder in trust of the title of the said property. It was also adjudged and decreed that no person other than the plaintiff Ella Fouch had any estate, interest, right, either legal or equitable, in the premises.

The appellant attacks the judgment on the ground that the evidence does not support the finding that the respondent was the owner of either the legal or equitable title and that there was no evidence showing actual occupancy or possession. Furthermore, it is claimed that the findings do not support the judgment because they show that the legal title to the land was in the Riverside Title Company, while the decree quieted the title as being in the respondent.

[1] It cannot be questioned that the findings and judgment are inconsistent, but what the trial court apparently intended to do was to find that the equitable title was in the respondent and that the legal title was in the Riverside Title Company in trust, however, for the benefit of the respondent. This was the situation presented by the appellant in his supplemental cross-complaint, filed during the course of the trial, wherein it was alleged that the conveyance to the Riverside Title Company was in trust to reconvey the same on the order or request of the respondents and that such conveyance was wholly voluntary on the part of the respondents and without any consideration passing to the Title Company. If the question were presented on this appeal between the respondent and the Title Company this conflict in the findings might require serious consideration, but the company allowed its default to be taken and has not appealed from the judgment. The appellant is not in a position to raise the question because it having been specifically found that he had no interest of any character in the premises he has not been able to show to us how he can

possibly be prejudiced by the portion of the findings to which he directs his attack. Though he alleged that he had furnished the funds for the original purchase of the property and that he and Fouch were each to become an owner of an undivided one-half thereof he failed to sustain his allegations with proof and the trial court found that none of those allegations was true. The appellant has not attacked that finding, and we may, therefore, assume that his various activities were for the purpose of unjustly placing a cloud upon respondents' title.

The trial court found that at the time of the commencement of the action the respondents were the owners in fee and in the exclusive possession of the property, and this being so, the court had jurisdiction to hear and determine the controversy. If, at the time of the trial, the respondents were the holders of the equitable title only, they were still entitled to maintain their action against this appellant who was found to have no title or interest in the property of any character.

The appellant has wholly failed to point to any error in the record which he claims to be prejudicial to him.

Judgment affirmed.

Richards, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.